IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20462
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOAH ADDISON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-340-1
--------------------
August 5, 2002

Before BARKSDALE, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Noah Addison appeals his conviction for aiding and abetting to distribute anabolic steroids, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2, and aiding and abetting the use of a communication facility to distribute anabolic steroids, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Addison argues that the jury erroneously rejected his entrapment defense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court may only reverse a jury's rejection of an entrapment defense "if no rational jury could have found beyond a reasonable doubt either (1) lack of government inducement or (2) predisposition to commit the charged crime." United States v. Reyes, 239 F.3d 722, 739 (5th Cir.) cert. denied, 122 S. Ct. 156 (2001). Reviewing the evidence in the light most favorable to the jury's verdict, the evidence indicates that the Government merely provided an opportunity to commit the crime and that Addison was a willing and helpful participant. Thus, the Government did not induce Addison to commit the crime. See United States v. Bradfield, 113 F.3d 515, 522 (5th Cir. 1997). Additionally, Addison indicated that he was predisposed to commit the crime by readily availing himself of the opportunity to perpetrate the crime. See United States v. Wise, 221 F.3d 140, 154 (5th Cir. 2000), cert. denied 532 U.S. 959 (2001).

Therefore, we AFFIRM the jury's guilty verdict.